**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| PATRICK JAMES FRASIER, | ) | |
| | ) | No. 9:12-cv-01947-DCN |
| Claimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security,* | ) ) | |
| | ) | |
| Respondent. | ) ) | |

This matter is before the court on United States Magistrate Judge Bristow Marchant's report and recommendation ("R&R") that the court affirm the Commissioner of Social Security's decision to deny claimant Patrick James Frasier's ("Frasier") application for disability insurance benefits ("DIB"). Frasier has filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I.  BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

Frasier filed an application for DIB on September 3, 2008, alleging that he had been disabled since May 20, 2008. The Social Security Administration ("the Agency") denied Frasier's application both initially and on reconsideration. Frasier requested a hearing before an administrative law judge ("ALJ") and ALJ Richard L. Vogel presided over a hearing held on October 15, 2010. At the hearing, Frasier amended his disability date to February 15, 2009. In a decision issued on December 17, 2010, the ALJ

1

determined that Frasier was not disabled. In an order dated July 25, 2011, the Appeals Council remanded the case to the ALJ for further consideration because the "decision's residual functional capacity finding does not include any social functioning restrictions." Tr. 95-96. The Appeals Council directed the ALJ to "describe the claimant's precise residual functional capacity." Tr. 95.

The ALJ held another hearing on January 3, 2012, and again determined, in a decision issued on January 26, 2012, that Frasier was not disabled. This decision became the final decision of the Commissioner when the Appeals Council denied further review on May 10, 2012.

Frasier filed this action for judicial review on July 12, 2012. On March 3, 2013, he filed a brief requesting that the Commissioner's decision be vacated and the case remanded to the Agency for further consideration. On April 18, 2013, the Commissioner filed a brief contending that her decision should be upheld. On October 24, 2013, the magistrate judge issued the R&R, recommending that the Commissioner's decision be affirmed. R&R 28. Frasier objected to portions of the R&R on November 12, 2013 and the Commissioner replied to those objections on December 2, 2013. This matter has been fully briefed and is now ripe for the court's review.

### B. Frasier's Medical History

The court adopts the R&R's comprehensive description of Frasier's medical history and here recites only a few relevant facts. Frasier was thirty-four years old on his amended disability onset date. On January 3, 2012, the date of his second administrative hearing, Frasier was five feet, eleven inches tall and weighed 324 pounds. Tr. 34. He has

a high school education and past relevant work experience as a truck driver, diesel mechanic, and material handler.

### C. ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined by his RFC) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

To determine whether Frasier was disabled from February 15, 2009, through the date of his second decision, the ALJ employed the statutorily-required five-step

sequential evaluation process. At step one, the ALJ found that Frasier did not engage in substantial gainful activity during the period at issue. Tr. 13. At step two, the ALJ found that Frasier suffered from the following severe impairments: obesity, status post gunshot wound, degenerative joint disease, and mood disorder. Id. At step three, the ALJ found that Frasier's impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments. Tr. 13-15. Before reaching the fourth step, the ALJ determined that Frasier retained the residual functional capacity ("RFC") to perform a reduced range of sedentary work. Tr. 15. Specifically, the ALJ found that Frasier could lift and carry up to ten pounds occasionally and a lesser amount frequently; sit for six hours in an eight-hour work day; stand and walk occasionally; occasionally crouch or stoop; and never climb, crawl, balance, or be exposed to industrial hazards. Id. The ALJ further determined that Frasier "must work in a low stress setting, defined as requiring no more than occasional decision-making or changes in setting," and that he "is restricted from any exposure to the general public." Id. At step four, the ALJ found that Frasier was unable to perform any of his past relevant work. Tr. 20. Finally, at the fifth step, the ALJ found that Frasier could perform jobs existing in significant numbers in the national economy and concluded that he was not disabled during the period at issue. Tr. 20-21.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. The

recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.

### III.  DISCUSSION

Frasier initially argued that the Commissioner's decision must be vacated because: (i) it was not supported by substantial evidence; (ii) the ALJ erred at step four by improperly discussing Frasier's RFC and Frasier's credibility; and (iii) the ALJ erred at step five when he determined that Frasier is not disabled because he could perform work that exists in significant numbers in the national economy. In the R&R, the magistrate judge determined that all of these arguments were unavailing, and recommended that the Commissioner's decision be affirmed. Frasier objects to the R&R, and continues to argue that: (i) the Commissioner's decision was not supported by substantial evidence; (ii) the ALJ improperly assessed Frasier's credibility; and (iii) the ALJ erred at step five. Frasier also objects – for the first time – that the ALJ improperly weighed the medical opinions of examining and non-examining physicians.

5

Neither party objects to the magistrate judge's finding that the ALJ properly assessed Frasier's RFC. The court agrees with the ALJ's finding and adopts that portion of the R&R without further comment. The court now discusses Frasier's remaining objections in turn.

### A. Substantial Evidence Supports the ALJ's Decision.

First, Frasier argues that the magistrate judge erred by finding that the ALJ's decision was supported by substantial evidence. Frasier contends that the ALJ failed to consider certain portions of the record and that the magistrate judge erred by independently weighing that evidence himself.

An ALJ has a duty to "explicitly indicate[] the weight given to all of the relevant evidence," Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984), but need not discuss every shred of evidence included in the record. In this case, the ALJ specifically discussed a wide range of medical treatment records and physicians' opinions, including treatment records from Waccamaw Mental Health Center, the Lighthouse Care Center of Conway, Georgetown Memorial Hospital, and other sources, as well as the medical opinions of psychologist Deborah Tyler, physician Harriett Steinert, physician Katrina B. Doig, and others. The evidence that the ALJ discussed both pre-dated and post-dated the first administrative hearing, which was held on October 15, 2010.

The ALJ has not, as Frasier suggests, "re-issued essentially the same decision" found wanting by the Appeals Council. Claimant's Objections 2. Instead, the ALJ discussed the relevant evidence contained in the record. The court agrees with the magistrate judge that the ALJ's decision was supported by substantial evidence.

6

Additionally, the magistrate judge did not improperly weigh the record evidence in an effort to uphold the ALJ's decision.

For these reasons, Frasier's first objection fails.

### B. The ALJ Did Not Improperly Weigh the Medical Opinions of Frasier's Examining and Consulting Physicians.

Frasier also argues that the ALJ failed to "adequately explain how the opinions of the non-examining physicians were elevated over those of the physicians who examined Mr. Frasier." The Commissioner counters that this argument is waived because Frasier first raised it in his objections to the R&R.

The Commissioner supports her waiver argument with citation to two cases that are not particularly on point. In Anderson v. U.S. Dep't of Labor, 422 F.3d 1155 (10th Cir. 2005) and Hunt v. Nuth, 57 F.3d 1327 (4th Cir. 1995), the Tenth and Fourth Circuits announced that they would not consider an argument first advanced in an appellate reply that could have been raised in an initial appellate brief. The Hunt court explained that "appellate courts generally will not address new arguments raised in a reply brief because it would be unfair to the appellee and would risk an improvident or ill-advised opinion on the legal issues raised." 57 F.3d at 1338; see also Anderson, 422 F.3d at 1175.

The case at hand deals with an argument raised in objections to an R&R, not one raised in an appellate reply brief. Moreover, the Commissioner has had ample opportunity to respond to the argument that Frasier has recently advanced.[1] It is neither unfair to the Commissioner nor otherwise risky for the court to consider this argument. As a result, the court will consider whether the ALJ improperly weighed the medical and psychological opinions included in the record.

---

[1] The Commissioner's failure to respond to the merits of Frasier's opinion evidence argument is not a decision that can be laid at Frasier's feet.

Social Security regulations require the ALJ to consider all of the medical opinions in a claimant's case record, as well as the rest of the relevant evidence. 20 C.F.R. § 404.1527(c) (2012). Medical opinions are evaluated pursuant to the following non-exclusive list:

> (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.

Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). In general, more weight is given to the opinion of a "source who has examined [a claimant] than to the opinion of a source who has not," 20 C.F.R. § 404.1527(c)(1), but "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). The ALJ must also give specific reasons for the weight given to a treating physician's medical opinion. See SSR 96-2p, 1996 WL 374188 (July 2, 1996).

Frasier's assertions to the contrary, the ALJ adequately explained the weight he assigned to the opinions of Frasier's examining and non-examining physicians. The ALJ gave two reasons for his decision to accord little weight to examining psychologist Deborah Tyler's opinion. Tr. 677. First, the ALJ explained that Dr. Tyler's conclusions about Frasier's physical abilities are outside both her area of expertise and the scope of her examination. Tr. 19. Second, the ALJ noted that Frasier had been nonresponsive and an extremely poor narrator during Dr. Tyler's examination; as a result, the ALJ found that Dr. Tyler's opinion was based on very little objective evidence. Id. The ALJ likewise disregarded examining physician James Turek's assessment that Frasier should no longer work as a truck driver because Dr. Turek's opinion preceded Frasier's alleged disability

onset date by more than three years, and because Frasier successfully worked as a truck driver for several years after Dr. Turek gave his opinion. Id. Finally, the ALJ explained that he had given significant weight to the opinions of the state agency psychiatric consultants, whose opinions are generally consistent with the evidence in the record, and less weight to the state agency medical consultants, because the ALJ included limitations on Frasier's ability to work that exceeded those physicians' recommendations. Tr. 20. While the ALJ's discussion of the weight given to particular medical opinions may not have been exhaustive, it complied with Agency regulations and is supported by substantial evidence.

For these reasons, Frasier's second objection also fails.

### C. The ALJ Properly Assessed Frasier's Credibility.

Frasier next argues that the ALJ's credibility findings "are not sufficiently linked to the entire record to survive review," Claimant's Mem. 25, and that the magistrate judge erred by finding otherwise. Frasier contends that his "back pain was very real and documented by objective findings." Claimant's Objections 3.

The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective allegations of pain. Craig, 76 F.3d at 594. First, the ALJ must determine that there is objective medical evidence of a medical impairment reasonably likely to cause the pain alleged by the claimant. Id.; SSR 96-7p, 1996 WL 374186 (July 2, 1996). Second, the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." Craig, 76 F.3d at 595; SSR 96-7p. This evaluation

> must take into account not only the claimant's statements about her pain, but also all the available evidence, including the claimant's medical

> history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Id. (citations omitted).

An ALJ evaluating a claimant's subjective complaints "should refer specifically to the evidence informing the ALJ's conclusion." Hatcher v. Sec'y, Dep't of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989). This "duty of explanation . . . is especially crucial in evaluating pain, in part because the judgment is often a difficult one, and in part because the ALJ is somewhat constricted in choosing a decisional process." Id. In addition, an ALJ's decision regarding a claimant's credibility "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

In his January 26, 2012 opinion, the ALJ found that Frasier's medically determinable impairments could reasonably be expected to cause him pain, but that Frasier's statements concerning the intensity, persistence, and limiting effects of his symptoms were not fully credible. The ALJ explained – with repeated citations to the record – that Frasier's subjective complaints were belied by: (i) his ability to go to church and his attempts to do household chores; (ii) his failure to comply with mental health and orthopedic treatment; (iii) his ability to work for more than fourteen years after the incident that allegedly triggered his back pain; and (iv) objective findings in the record that Frasier's symptoms were controlled. Tr. 16-18.

While Frasier disagrees with the ALJ's credibility assessment, that disagreement is not enough for the court to overturn the ALJ's findings. As the magistrate judge explained, the ALJ's credibility determination was properly supported by substantial evidence. The evidence upon which the ALJ based his credibility determination was both "more than a mere scintilla" and "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

Frasier's third objection is unavailing.

### D. The ALJ Did Not Err at Step Five.

Finally, Frasier objects that the magistrate judge erred by finding that the ALJ properly concluded at step five that Frasier is not disabled. While Frasier's objections on this point are somewhat difficult to parse, it is apparent that he believes that the magistrate judge's review was flawed in a number of ways.[2]

Frasier first asserts that the magistrate judge's analysis improperly relied on law from other circuits. It is true that the magistrate judge cited several Third Circuit cases for the proposition that the ALJ's hypothetical, which restricted Frasier to sedentary work in a low stress setting with no interaction with the general public, properly accounted for Frasier's limitations in concentration, persistence, and pace. This reliance on out-of-circuit law was not improper. While they cannot be considered binding authority, decisions from other jurisdictions can be considered persuasive authority by district courts. See McKinney v. Trs. of Maryland Cmty. Coll., 955 f.2d 924, 927 (4th Cir. 1992).

---

[2] Several of Frasier's arguments appear to relate more closely to the ALJ's RFC assessment than to the ALJ's step five analysis. Because Frasier makes these arguments in the "Step Five" section of his objections, the court addresses them here.

Next, Frasier contends that the magistrate judge erred because the ALJ's step five analysis "does not indicate how a limitation on persistence and pace is accounted for by a simple work process with few changes." Claimant's Objections 4. Frasier's summary of the hypothetical presented to the vocational expert – and the ALJ's resulting RFC assessment – is incomplete. In both the hypothetical and the RFC assessment, the ALJ limited Frasier to a reduced range of sedentary work in a low stress setting with no exposure to the general public. Tr. 15. The ALJ further explained:

> In terms of mental limitations, the claimant was limited to working in a low stress setting due to mild to moderate limitations in concentration, persistence, and pace. He was also specifically restricted from exposure to the general public due to mild to moderate limitations in social functioning.

Tr. 20. These limitations are well-supported by the record as a whole. Additionally, other courts in this district have found that such language properly accounts for a claimant's limitations in concentration, persistence, and pace. See, e.g., Bishop v. Astrue, No. 09-cv-1956, 2010 WL 3397526, at *10 (D.S.C. Aug. 26, 2010) ("[L]imiting Plaintiff's RFC work to work in a low-stress environment with only occasional exposure to the general public accommodated Plaintiff's diminished ability to concentrate."). As a result, it was not error for the ALJ to rely on the vocational expert's testimony that there were several representative occupations that Frasier could perform.

Relying on Dr. Tyler's opinion that he would likely "make poor social personal and occupational adjustments," Frasier finally insists that "the assumption that he is capable of work 'on a regular and continuing basis' is not borne out by the record and is not fairly established by the ALJ's decision." Claimant's Objections 4. The court has already explained that the ALJ did not err by according little weight to Dr. Tyler's opinion and Frasier does not cite to any other record evidence that supports his

conclusory assertion. By contrast, as the magistrate judge has already explained, substantial evidence supports the ALJ's decision that Frasier is not disabled.

Frasier's final objection also fails.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's report & recommendation, ECF No. 21, and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

                                       **DAVID C. NORTON**
                                       **UNITED STATES DISTRICT JUDGE**

**February 10, 2014**
**Charleston, South Carolina**